UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 99-33T |
| | : | |
| EDWARD C. LATO, JR. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a preliminary hearing was held on April 24, 2007, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to one of the charged violations. A sentencing hearing was held on June 18, 2007. At that hearing, I ordered Defendant released pending final sentencing before Senior Judge Torres.

Based upon the following analysis and the admission of the Defendant, **I recommend that the Defendant be committed to the Bureau of Prisons for a term of five (5) months of incarceration to be followed by a term of supervised release for a period of twenty (20) months.**

**Background**

On March 30, 2007, the Probation Office petitioned the Court for a Summons to be served on the Defendant. On April 4, 2007, the District Court reviewed the request and ordered the

issuance of a summons. Pursuant to the summons, Defendant presented himself in Court on April 24, 2007, for a hearing. He then admitted to the following charge:

> **The Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.**
>
> On December 10, 2006, the defendant was associating with a person engaged in criminal activity and associating with a convicted felon as evidenced by his arrest at the home of Rocco Folco. Mr. Folco was the target of a bookmaking and gambling investigation and was previously convicted with the defendant in this court on the instant case.

As Defendant has admitted this charge, I find he is in violation of the terms and conditions of his supervised release. At the April 24, 2007 hearing, the Government made an oral motion to amend the Violation Petition to dismiss the following charge:

> **While on supervision, the defendant shall not commit another federal, state, or local crime.**
>
> On December 10, 2006, the defendant committed the crimes of Racketeering Influence Corrupt Organization, Organized Crime Gambling Business, Conspiracy, and Bookmaking-First Offense as evidenced by his arrest by the Rhode Island State Police and subsequent charges in the Sixth Division District Court.

The Government's motion to dismiss this charge was granted.

**Recommended Disposition**

Title 18 U.S.C. § 3583(e)(2) provides that if the Court finds that Defendant violated a condition of supervised release, the court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release was previously imposed, therefore, the term cannot be extended.

Title 18 U.S.C. § 3583(e)(3) provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation.

Title 18 U.S.C. § 3583(h) and § 7B1.3(g)(2) provide that when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is three years. There has not been any term of imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus any term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 of the United States Sentencing Guidelines ("USSG") provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) of the USSG provides that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device, or (B) any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) states that upon finding of a Grade C violation, the Court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed a Grade C violation.

Pursuant to § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there is no outstanding restitution, fine, community confinement, home detention, or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the Criminal History Category is the category applicable at the time the Defendant was originally sentenced. In this instance, Defendant had a Criminal History Category of III at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade C violation and has a Criminal History Category of III. Therefore, the applicable range of imprisonment for this violation is five to eleven months.

Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(1) states that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. This provision which allows for alternatives for any portion of the minimum term applies to this matter.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant plead guilty in 1999 to (1) conspiracy to commit extortion, racketeering and threats; (2) extending credit by extortion; (3) collection of credit by extortion; and (4) Hobbs Act conspiracy. He was sentenced to seventy months' imprisonment with three years' supervised release to follow. Defendant's supervised release conditions include a restriction that Defendant "shall not

associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer." (Document No. 119 at p. 4). Defendant's supervised release commenced on April 21, 2004 and it was tolled pursuant to 18 U.S.C. § 3583(i) on April 4, 2007 when Judge Torres ordered the issuance of a summons. (Document No. 334).

Defendant was arrested by the Rhode Island State Police on December 10, 2006 at the residence of Mr. Rocco Folco, Jr. Defendant and Mr. Folco were charged with gambling offenses. Those charges are pending in state court and are not the basis for the remaining violation charge in this case. Defendant admitted only to the Grade C "association" violation and the Grade B violation based on the gambling charge was dismissed at the Government's request.

If revocation is imposed, the guideline range is five to eleven months' imprisonment. The Government seeks the minimum, a five-month term of imprisonment, to be followed by thirty-one months of supervised release. Defendant asks that the Court not revoke but rather extend supervised release with a modification to serve three months' home confinement. Defendant's request is based, in large part, on medical issues revealed to the Court in sealed filings. Defendant has expressed concern that a particular medical treatment would be interrupted by a term of incarceration. The Government proffered at the sentencing hearing that the Bureau of Prisons was consulted and could provide the treatment in question.

Even assuming that there was no illegal gambling activity taking place at the time of Defendant's 2006 arrest, the charge of associating with a convicted felon is unassailable. Defendant was arrested in 2006 with Mr. Folco at Mr. Folco's place of residence. Mr. Folco was a co-defendant with Defendant in this 1999 case. They appeared in Court together and entered guilty

pleas to multiple felony charges at the same change of plea hearing on June 3, 1999. Thus, Defendant was plainly aware of Mr. Folco's status as a convicted felon and that he was prohibited from associating with Mr. Folco.

The First Circuit has described the "association" condition as an "important" one. U.S. v. Portalla, 985 F.2d 621, 622 (1st Cir. 1993). It is intended to protect the public from the commission of further crimes by defendants "by keeping [them] away from those who would most likely cause [them] to engage in further criminal activity." U.S. v. Roberts, Nos. 04-37-1 and 2, 2007 WL 210402 (E.D. Pa. Jan. 24, 2007). This condition is of particular importance in this case which involved charges of conspiracy, racketeering and crimes of violence. Defendant's continued association with Mr. Folco, a co-defendant/co-conspirator in this case, is troubling. It shows a complete disregard for his supervised release restrictions and warrants revocation.

Defendant has not convinced this Court that his medical condition precludes revocation. This Court accepts the Government's request of a minimum revocation sentence of five months' imprisonment and makes that recommendation. As to further supervised release, the Government requests thirty-one months. Defendant's counsel objected to that term as excessive, but he made no specific recommendation. Defendant has already served over two and one-half years of supervised release without any reported violations, and this Court agrees with Defendant that an additional thirty-one months (a total of sixty-seven months) would be somewhat excessive. In addition, he has essentially continued on supervised release since April while this violation case has been pending. Thus, this Court concludes that a term of twenty months' supervised release following his incarceration is sufficient and so recommends.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of five (5) months of incarceration to be followed by a term of supervised release for a period of twenty (20) months.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. LR Cr 57.2(d); Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 19, 2007